UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN WAYNE MUNDO, Plaintiff v. OLSON, et al., Defendants | Case No. 3:26-cv-00528-ART-CLB **ORDER** |

On July 9, 2026, pro se plaintiff Jonathan Wayne Mundo, an inmate incarcerated in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). The Court notes a possible exhaustion issue. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, and unexhausted claims cannot be brought in court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, if it later comes to light that the plaintiff failed to exhaust his administrative remedies on the claims raised in the complaint, the district court will dismiss the unexhausted claims from the case. *Id.* at 219-21 (holding that the district court may dismiss the unexhausted claims from the complaint but may proceed with the exhausted claims). The plaintiff must exhaust his or his claims before filing a lawsuit and cannot finish the exhaustion process during the case. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that the "district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies

prior to filing suit but [was] in the process of doing so when a motion to dismiss [was] filed").

The events alleged in the complaint took place on June 24, 2026. The Complaint was filed on July 9, 2026. It is not clear whether Plaintiff could have exhausted his administrative remedies prior to filing his suit. Plaintiff is not required to affirmatively plead that he exhausted his administrative remedies, and the Court will not analyze the exhaustion issue at this time. However, the Court notes the issue for Plaintiff's benefit so that he can decide whether he wants to proceed with this case or pursue any available administrative remedies instead. If Plaintiff believes that he needs to finish exhausting his administrative remedies, he may choose to file a notice of voluntary dismissal without prejudice[1] by **August 16, 2026**. If Plaintiff chooses to proceed with this case, he may be required to pay the full $405 filing fee, which includes the $350 filing fee and $55 administrative fee, even if the Court later dismisses this case because Plaintiff did not exhaust his administrative remedies.

Accordingly, for the reasons stated above,

**IT IS ORDERED** that if Plaintiff believes that he needs to finish exhausting his administrative remedies, he may choose to file a notice of voluntary dismissal without prejudice by **August 16, 2026**.

IT IS SO ORDERED.

DATED: July 17, 2026.

UNITED STATES MAGISTRATE JUDGE

[1] A dismissal without prejudice means that a plaintiff does not give up the right to refile the case with the Court, under a new case number, when the plaintiff has exhausted his administrative remedies.